United States District Court
Southern District of Texas
**ENTERED**
September 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYPRESS ENGINE ACCESSORIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2227 |
| | § | |
| HDMS LIMITED COMPANY, d/b/a | § | |
| PREMIUM POWER SOLUTIONS; GEORGE | § | |
| ROBERT ERICKSON and DAVID C. DAVIS, | § | |
| individually and in their capacity as Managers | § | |
| of HDMS LIMITED COMPANY; and | § | |
| POWERTECH MARINE, INC., | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

This diversity-jurisdiction action arises from Cypress Engine Accessories, LLC's claims for defective products it purchased from HDMS Limited Company, d/b/a Premium Power Solutions. Cypress Engine asserts only state-law claims. HDMS Limited filed a verified plea in abatement in December 2015, based on Cypress Engine's failure to file the notice letter required to assert claims under the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code § 17.505(d); (Docket Entry No. 10). Cypress Engine did not respond, making abatement automatic until Cypress provided the notice letter. *Id.* at § 17.505(d). Cypress Engine moved to lift the abatement several months later, in March 2016. (Docket Entry No. 13). That motion was effectively granted when the scheduling order was entered. (Docket Entry Nos. 14, 15).

The Texas Deceptive Trade Practices Act requires a DTPA plaintiff to give written notice 60 days before filing suit. The notice must identify the specific complaint and the damages, including attorneys' fees. Tex. Bus. & Comm. Code § 17.505(a). "The requirements establish a

fairly low threshold for a notice letter." *Richardson v. Foster & Sear LLP*, 257 S.W.3d 782, 786 (Tex. App.—Ft. Worth 2008, no pet.). The purpose is "to discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W. 2d 464, 468 (Tex. 1992). If the consumer plaintiff fails to provide the required notice, the defendant may "file a plea in abatement not later than the 30th day after the date the person files an original answer." Tex. Bus. & Comm. Code. § 17.505(c). Abatement is automatic and without court order if the defendant "verifies" the plea in abatement, and the plaintiff does not controvert the verified plea within the statutory deadline. *Id.* at § 17.505(d). An abatement continues until the 60th day after DTPA-compliant notice is provided." *Id.* at § 17.505(e).

In July 2015, Cypress Engine sent HDMS Limited a letter. This letter satisfies the DTPA's notice requirement. (Docket Entry No. 13-1). The letter states that Cypress Engine purchased 310 pre-chamber parts from HDMS Limited, all the parts installed for customers failed, and all had to be removed at Cypress Engine's cost. The letter stated that Cypress Engine had lost more than $400,000 in replacing the faulty parts for customers. (*Id.*). Cypress Engine noted that it would be willing to settle its claims for $350,000. (*Id.*).

Cypress Engine's motion to lift the abatement, (Docket Entry No. 13), was granted; this order makes the reasons clear.

SIGNED on September 29, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

2