IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYPRESS ENGINE ACCESSORIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2227 |
| | § | |
| HDMS LIMITED COMPANY, d/b/a | § | |
| PREMIUM POWER SOLUTIONS; GEORGE | § | |
| ROBERT ERICKSON and DAVID C. DAVIS, | § | |
| individually and in their capacity as Managers | § | |
| of HDMS LIMITED COMPANY; and | § | |
| POWERTECH MARINE, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On May 31, 2017, the court held a status conference in this case. The court addressed, among other things, Powertech Marine's arguments that it was an improper defendant. (Docket Entry Nos. 54, 73). Although the court had previously denied as premature Powertech Marine's summary judgment motion on this issue, the court noted that the evidence Powertech Marine submitted supported its position that another entity, Powertech OEM Parts, LLC, was the proper defendant. (*See* Docket Entry No. 54). At the May 31 hearing, Cypress Engine indicated that if additional information showed that Powertech Marine was not the proper defendant, it would be dismissed. The court ordered Powertech Marine to provide the information sought as to its relationship to this litigation. Powertech Marine complied. (Docket Entry Nos. 73, 75).

Powertech Marine provided initial disclosures indicating it is the improper party to this litigation; receipts showing who sold the allegedly defective engine parts to HDMS Limited who in turn sold the parts to Cypress Engine; an affidavit from Steve Powers, founder of both Powertech Marine and Premium OEM Parts, LLC, stating that Powertech Marine was not the proper party to

sue and that Premium OEM Parts, LLC was the proper defendant; and tax returns from both Powertech Marine and Premium OEM Parts, LLC.

In response, Cypress Engine has stated that it will not dismiss Powertech Marine, but instead would add five new defendants. (Docket Entry No. 75). Cypress Engine has not, however, sought leave to add new parties or to file a proposed amended complaint with claims against new parties. (Docket Entry No. 14). The deadline to add new parties and to amend pleadings was June 24, 2016—more than a year ago. (*Id.*). Cypress Engine provides no explanation as to why it needs to add the parties or why it delayed in seeking to do so.

During the May 31, 2017 hearing, the court stated that if Cypress Engine did not dismiss Powertech Marine, that defendant could refile its summary judgment motion arguing that it is not the correct defendant by June 30, 2017. (Docket Entry No. 73). Cypress Engine now seeks to add 60 days to the scheduling order so it can conduct further discovery on the proper entity to sue. Cypress Engine has not provided information about what discovery it needs or from whom. The discovery deadline has passed. No further discovery is needed, and adding another 60 days will unnecessarily increase costs and delay.

Cypress Engine's requests to add new parties and to add 60 days for unspecified discovery are denied. Powertech Marine may file a summary judgment motion seeking dismissal because it is not the proper defendant. The motion is due by June 30, 2017.

SIGNED on June 26, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge