IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CYPRESS ENGINE ACCESSORIES, INC. §
§
§
Plaintiff §
§
VS. § CIVIL ACTION NO. 4:15-cv-2227
§
HDMS LIMITED COMPANY §
d/b/a PREMIUM POWER SOLUTIONS §
and POWERTECHMARINE, INC. §
§
§
Defendants §

**PLAINTIFF CYPRESS ENGINE ACCESSORIES, INC.'S RESPONSE AND
OPPOSITON TO DEFENDANT HDMS LIMITED COMPANY D/B/A PREMIUM
POWER SOLUSTIONS' MOTION FOR SUMMARY JUDGMENT**

Dated:   September 18, 2017

John P. Venzke
SBN:   20156500
Federal ID 2374
P.O. Box 667485
Houston, Texas 77266
(713)522-1190
(713)550-0333
jvenzke@comcast.net

Attorney in Charge for Plaintiff Cypress
Engine Accessories, Inc.

Of Counsel:
The Venzke Law Firm, P.C.

## TABLE OF CONTENTS

I.      Nature and Stage of Proceedings……………………………………………………..1

II.     Statement of Issues to be Ruled on by Court…………………………………………2

III.    Summary of Argument………………………………………………………………2

IV.     Cypress Engine's Response to HMDS' Statement of Undisputed Facts…………………3

        1.      Terms of the Compromise and Settlement Agreement……………………………3
        2.      Plaintiff Did not Breach the Settlement Agreement by……………………………4
                Filing Suit for Breach of Warranty and DTPA
        3 - 4.  This Court's Holding that Cypress Breached the Settlement…………………………4
                Agreement by Engaging in the Prechamber Business was in error……………4
        5-6.    Cypress filed its DTPA Claim in Bad Faith

V.      Arugment and Authorities………………………………………………………………4

        A.      Plaintiff did not breach the Agreement…………………………………………5
                1.      Plaintiff did not breach the Agreement by selling……………………………5
                        prechambers to third parties
                2.      Plaintiff did not breach the Agreement by filing this suit……………………5

        B.      HMDS was not damaged by any action taken by Plaintiff…………………………7
                1.      HMDS did not suffer any damages regarding the……………………………7
                        sale of the chambers by Plaintff
                a.      HMDS' damage model reveals it suffered no damages……………………7
                b.      HMDS cannot recover its attorney's fees as damages……………………8
                        (1)     HMDS did not plead its attorney's fees as damages…………………8
                        (2)     Texas law does not allow the recovery of HMDS…………………… 8
                                attorney's fees as damages

        C.      HMDS cannot recover its alleged attorney's fees against Plaintiff………………12
                1.      HMDS cannot recover attorney's fee as it has failed…………………………12
                        to meet its initial burden
                2.      HMDS cannot utilize Section 38.001(8) of the Texas…………………………13
                        Civil Practice & Remedies Code to recover attorney's fees
                        against Plaintiff as it is an LLC
                3.      Failure to Present Claim for Attorney's Fees………………………………..19

        D.      Plaintiff did not violate the provisions of Section 17.50(c) of the Texas…………19
                Deceptive Trade Practices Act

1. This Section does not apply to the facts of this case...............................20
2. Plaintiff's DTPA claim was not groundless in fact or law......................20
3. Plaintiff's DTPA claim was not brought in bad faith or to harass..............21
4. HMDS cannot offer proof of attorney's fees.....................................22

E. The Attorney's Fees HMDS seeks to recover are excessive and are not.............23
   reasonable
   1. Legal Standards.................................................................23
   a. Segregation of attorney's fees for claims not allowing......................23
      recovery of attorney's fees
   b. Billing Judgment...............................................................23
   c. Excessive fees compared to amount at risk....................................25
   d. Legal assistant fees and Costs................................................25

VI. Conclusion........................................................................26

# TABLE OF CITATIONS

## Federal Cases

*American Guarantee & Liab. Ins. Co. v. United States Fire Ins. Co.,* ... ... ... ... ... ... ... ... ... ... ... 10
    No.H-15-1926, 2017 WL 2389711 (S.D. Tex. June 1, 2017)

*Baylor Health Care Sys. v. National Elevator Indus.,* No. 3:06-CV-1888-P ... ... ... ... ... .17 n.13
    2008 WL 2245834 *6 (N.D. Tex. June 2, 2008)

*BHL Boresight, Inc. v. Geo-Steering Solutions, Inc.,* No. 4-15-CV-00627 ... ... ... ... ... ... ... ... .15
    2017 WL 2730739 (S.D. Tex. June 26, 2017).

*Blum v. Stenson,* 465 U.S. 886, 895 (1984) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...23

*Brdmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003) ... ... ... ... ... ... ... ... ... ... ... ... ..3

*Chaparral Energy, LLC v. Dudley,* 4:13-CV-3540, 2015 WL 1294250 ... ... ... ... ... ... ... ... ... ..15
    at *5 (S.D. Tex. Nov. 3, 2015)

Dallas Gas Partners, L.P. v. Prospect Energy Corp., 733 F.3d 148 (5th Cir. 2013) ... ... ... ... ..11

*Dongbu USA, Inc. v. Partners in Steel Int'l, LLC,* CV-H-15-1177, ... ... ... ... ... ... ... ... ... ... ... ..15
    2015 WL 12803707, at *2 (S.D. Tex. July 17, 2016)

*Electric Battery Co. v. Shimadzu,* 307 U.S. 5 (1939) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...19 n.14

*Flowers v. South Reg's Physician Servs. Inc.,* 286 F.3d 798, 802 (5th Cir. 2002) ... ... ... ... ... ..25

*Ganz v. Lyons Partnership, LP,* 173 F.R.D. 173 (N.D. Tex. 1997) ... ... ... ... ... ... ... ... .17 n.12, 18

*Gilbane Bldg. Co. v. Admiral Ins. Co.,* 664 F.3d 589, 593 (5th Cir. 2011) ... ... ... ... ... ... ... ...8, 12

*Greco v. National Football League, 116 F. Supp. 3d 744 (N.D. Tex. 2015)* ... ... ... ... ... ... ....*17 n.13*

*Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... .25

*Hoffman v. L & M Arts,* 3:10-CV-0953-D, 2015 WL 1000838, at *4 ... ... ... ... ... ... ... ... ... ... .16
    (N.D. Tex., Mar. 6, 2015), *affid,* 838 F.3d 568 (5th Cir. 2016)

*Howard v. State Farm Lloyds,* No H-04-0352, 2005 WL 2600442, ... ... ... ... ... ... ... ... ... ...22 n.15
    at *8 (S.D. Tex. Oct. 12, 2005)

*In re Frazin,* 413 B.R. 378, 429 (N.D. Tex. 2009)……………………………………………..21, 22

*Johnson v. Equifax Info. Serv., Inc.,* No. 4:16-CV-0051, 2017 WL 1037588…………………….8 n.3
(E.D. Tex. Mar. 17, 2017)

*J.D. Field & Co., Inc. v. North American Fabricators, LLC…………………………………………14*
CV H-15-317, 2016 WL 7912455 at *14 (S.D. Tex. Nov. 7, 2016)

*McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 284 (5th Cir. 2008)………………………………….23

*Mid-Continent Cas. Co. v. Chevron Pipe Line Co.,* 205 F.3d 222, 230 (5th Cir. 2000)………….12

*Odela Grp., LLC v. Double R. Walnut Mgmt., LLC,* No. 05-16-00206, 2017 WL…………14 n. 10
1360209, at * 11 (Tex. App.—Dallas Apr. 12, 2017, no pet.)

*Playboy Enter., Inc. v. Sanchez-Campuzano,* 561 F. App'x 306, 309……………………………19
(5th Cir. Dec. 23, 2013).

*Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412………………………..3
(5th Cir. 2003)

*Richardson v. Wells Fargo Bank, N.A.,* 740 F.3d 1035 (5th Cir. 2014)…………………………...9

*Saipan v. Delta Concrete Prods. Co.,* 448 F.3d 795, 799 (5th Cir. 2006)………………………..24

*Siwell, Inc. v. Leverage Fin., LLC,* 5:12-CV-185-D, 2017 WL1297818 at *2……………………14
(N.D. Tex. Apr. 18, 2017)

*SMI Owen Steel Co. v. Marsh USA, Inc.,* 520 F.3d 432, 442 (5th Cir. 2008)……………………..12

*Solid Sys. CAD Servs. v. Total Risc Tech., Ltd,* 4:12-CV-03176, 2016 WL…………………15 n.11
5942935, at *3 (S.D. Tex. Oct. 13, 2016)

*Symetra Life Ins. Co. v. Rapid Settlements, 599 F. Supp. 809…………………………………….25*
(S.D. Tex. 2008) (Rosenthal, J.).

*Taylor Int's Servs., Inc. v. Cuero Oilfield Housing, LLC,* A-16-CA-512-SS,
2016 WL8674349, at *1 (W.D. Tex. Oct. 31, 2016)…………………………………………15

*Topalian v. Ehrman,* 954 F.2d 1125, 1137 (5th Cir. 1992)………………………………………..2

*Traxxas, LP v. DeWitt,* No. 4:14CV733 at 15, 2015 WL 7777986…………………………17 n.13
(E.D. Tex. Dec. 2, 2015)

.

*United Indus., Inc. v. Simon-Hartley, Ltd.,* 91 F.3d 762, 764 (5th Cir. 1996)……………………..8

*Violetta v. Stevens Bros. Sports Mgmt, LLC,* No. 6-16-CV-01193…………………………15 n.11
(D. Kan. Mar. 21, 2017)

*Weinder v. Arco Oil & Gas Co.,* 717 F. Supp. 1211 (N.D. Tex. 1989)…………………………...11

*Westchester Surplus Lines Ins. Co. v. Maverick Tube Corp.,* 722 F. Supp. 2d 782…………12 n.7
(S.D. Tex. 2010)

## State Cases

*A.G. Edwards & Sons, Inc. v. Beyer,* 235 S.W.3d 704, 710 (Tex. 2007)…………………………24

*Agar Corp., Inc. v. Electro Circuits Int'l,* No. 14-15-000134 at 12, 2016……………………..6 n.4
WL 7436811 (Tex. App.—Houston [1st Dist.] Dec. 22, 2016, no pet.)

*Aikin, Gump, Strauss, Hauer & Feld, LLP v. National Dev. & Res. Corp.,*…………………………10
299 S.W.3d 106 (Tex. 2009)

*Alta Mesa Holdings, L.P. v. Ives,* 488 S.W.3d 438 (Tex. App.—Houston…………………...16, 17
[14th Dist.] pet. denied)

*Baroid Equip., Inc. v. Odesco Drilling, Inc.,* 184 S.W.3d 1, 20 (Tex. App……………………….22
—Houston [1st Dist.] 2005, pet. denied).

*Bohatch v. Butler & Binion,* 977 S.W.2d 543, 547 (Tex. 1998)……………………………..14 n.9

*Broadway, Inc. v. J & J Marindale Ventures, Inc.,* No.04-16-00447-CV at 7………………17 n.12
2017 WL 2791322 (Tex. App.—San Antonio, June 28, 2017)

*Central Tex. Hardware, Inc. v. First City, Texas-Bryan, N.A.,* 810 S.W.2d 234………………….21
237 (Tex. App.—Houston [14th Dist.] 1991, writ denied)

*Choice! Power L.P. v. Feeley,* 501 S.W.3d 199, 211-14 (Tex. App.—………………………17 n.13
Houston [1st] 2016, no pet.)

*Clary Corp. v. Smith,* 949 S.W.2d 452, 469 (Tex. App.—1997, writ denied)……………………..25

*Clearview Prop., L.P. v. Property Texas SC One Corp.,* 287 S.W.3d 132, 144…………………..24
(Tex, App—Houston [14th Dist.] 2009, pet. denied)

.

*Cordova v. Sw. Bell Yellow Pages,* 148 S.W.3d 441, 448..............................................25
    (Tex. App.—El Paso 2004, no pet.)

*Crisp Analytical Lab, LLC v. Jakalam Props. Ltd.,* 422 S.W.3d 85, 93...........................14 n.8
    (Tex. App.—Dallas 2014, pet. denied)

*Donwerth v. Preston II Chrysler-Dodge, Inc,* 775 S.W.2d 634 (Tex. 1989)........................21

*Edom Corner, LLC v. It's the Berry's, LLC,* No. 12-14-00365....................................10 n.5
    2016 WL 1254017 (Tex. App.—Tyler, Mar. 31, 2017)

*El Apple I, Ltd. v. Olivas,* 370 S.W.3d 757, 760 (Tex. 2012).......................................23, 24

*Epps v. Fowler,* 351 S.W.3d 862, 865 (Tex. 2011).....................................................12

*Expelled Grain Prods., LLC v. Corn Mill Enters, LLC,* No. 07-14-00398,....................14 n.8
    2016 WL 4413323, at *9 (Tex. App.—Amarillo, Aug. 17, 2016, pet. denied)

*Fleming & Associates, L.L.P. v. Barton,* 425 S.W.3d 560, 574-75....................................17
    (Tex. App.—Houston [14th Dist.] 2014, pet. denied)

*Ganske v. WRS Group,* 10-06-00050-CV, 2007 WL 1147 (Tex. App.—Waco,.....................11
    April 18, 2007, No pet.).

*Ganz CBIF Ltd., Partnership v. TGI Friday's, Inc.,* 05-15-00157-CV,...............................18
    2017 WL 1455407, at *25 (Tex. App.—Dallas Apr. 21, 2017, no pet.)

*Gill Sav Ass'n v. International Supply Co.,* 759 S.W.2d 697, 702 (Tex. App.—...................25
    Dallas, writ denied)

*Grapevine Excavation, Inc. v. Md. Lloyds,* 35 S.W.3d 1, 5 (Tex. 2000).............................19

*Great Am. Ins. Co. v. North Austin Mun. Util Dist.,* 908 S.W.2d 415, 426 (Tex. 1995)............7

*Guggenheim Corp. Funding, LLC v. Valerus Compression Services, L.P.,* ............................6 n.2
    465 S.W.3d 673, 692-93 (Tex. App.—Houston [1st Dist.] 2015, pet. denied)

*Haden v. Sacks,* 222 S.W.3d 580, 697 (Tex. App.—Houston [1st Dist.] 2007),.................10 n.5
    *rev'd in part on other grounds,* 263 S.W.3d 919 (Tex. 2008) (per curiam)

*Haubold v. Medical Carbon Research Inst., LLC,* No. 03-11-00115CV,........................11 n.16
    2014 WL 1018008, at *8 & n.7 (Tex. App.—Austin Mar. 14, 2014, no pet.)

*Howard Indus. v. Crown Cork & Seal Co., LLC,* 403 S.W.3d 347, 353...........................14 n.8
(Tex. App.—Houston [1st Dist.] 2013, no pet.)

*Klein v. Dooley,* 949 S.W.2d 307, 308 (Tex. 1997)................................................22 n.15

*Knebel v. Port Enterprises, Inc.,* 760 S.W.2d 829, 832 (Tex. App.—.................................22
Corpus Christi 1988, writ denied).

*LaChance v. McKown,* 649 S.W.2d 658, 662 (Tex. App.—Texarkana 1983........................22
writ ref'd n.r.e.)

*Landa v. Obert,* 45 Tex. 539, 544-45 (Tex. 1876)......................................................9 n.4

*Lee-Way Prince Enters. LLC v. QAI Assur., Inc.,* No. 01-07-01004,
2009 WL 3490982, *4 (Tex. App.—Houston [1st Dist.] Oct. 29, 2009, no pet.).............14 n.8

*MBM Fin. Corp., v. The Woodlands Operating Co., LP,* 292 S.W.3d................................13
660, 666 (Tex. 2009)

*Medical City Dallas, Ltd v. Carlisle Corp*., 251 S.W.3d 55, 59 (Tex. 2008)................//12 n.7

*Mobilelink San Antonio, LLC v. PNK Wireless Commc'n, Inc,* No.01-15-01048-CV,.........14 n.8
2016 WL7368066 at *7 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016,
no pet.) (mem. op.);

*National Prop. Holdings, L.P. v. Wintergreen,* 453 S.W.3d 419 (Tex. 2015).......................6

*Odela Grp., LLC v. Double-R Walnut Mgmt., LLC,* No.05-16-00206-CV,
2017 WL 1360209, at *11 (Tex. App.—Dallas April 12, 2017, no pet.).

*Rutherford v. Riata Cadillac Co.,* 809 S.W.2d 535 (Tex. App.—San Antonio 1991,...............21
writ ref'd n.r.e.).

*Stewart Title Guar. Co. v. Sterling,* 822, S.W.2d 1, 11 (Tex. 1991)....................................24

*Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,......................*19
145 S.W.3d 170,176 (Tex. 2004)

*Tana Oil & Gas Corp. v. McCall,* 104 S.W.3d 80 (Tex. 2003)........................................10

*Tenneco Oil Co. v. Padre Drilling Co*., 453 S.W.2d 814, 818 (Tex. 1970).....................10 n.7

*Tony Gullo Motors L.L.P. v. Chapa,* 213 S.W.3d 299, 311 (Tex. 2006).........................12, 23

.

*Varel Int'l Indus., L.P. v. Petro Drillbits, Int'l, Inc.,* No. 05-14-01556-CV,……………..…17 n.13
    2016 WL 4535779 at \*7 (Tex. App.—Dallas Aug. 30, 2016, pet denied).

*Vast Constr, LLC v. CTC Contractors, LLC,* No. 14-16-00005-CV at 2……………………17 n.12
    (Tex. App.—Houston [14th Dist.] July 6, 2017, no pet.)

*Worldwide Asset Purchasing, Inc. v. Rent-A-Car E., Inc.,* 290 S.W.3d 554, 570…………….10 n.5
    (Tex. App.—Dallas 2009, no pet.)

## Statutes and Rules

Fed. R. Civ. P. 9(g)………………………………………………………………………………...8

28 U.S.C. Sec.1920………………………………………………………………………………25

Tex. Civ. Prac. & Rem. Code, Sec. 38.001(8)…………………………………2, 13, 14, 16, 17, 18

Texas Deceptive Trade Practices Act, Tex. Bus. & Comm…………………………1, 2, 4, 19, 20
    Code Sec. 17.50(c)

## Secondary Sources

Beal, THE ART OF STATUTORY CONSTRUCTION:  TEXAS STYLE, 64 BAYLOR L. REV. 342, 417
(2012).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYPRESS ENGINE ACCESSORIES, INC. | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15-cv-2227 |
| | § | |
| HDMS LIMITED COMPANY | § | |
| d/b/a PREMIUM POWER SOLUTIONS | § | |
| and POWERTECH MARINE, INC. | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF CYPRESS ENGINE ACCESSORIES, INC.'S RESPONSE AND
OPPOSITION TO DEFENDANT HDMS LIMITED COMPANY'S MOTION FOR
SUMMARY JUDGMENT**

**I.**

**NATURE AND STAGE OF PROCEEDINGS**

The Court is familiar with this case having previously ruled on motions for summary

judgment in its Memorandum and Order dated May 3, 2017. ("Memorandum and Order"). (Doc.

70). The subject of this Response is HDMS' second Motion for Summary Judgment on its

Counterclaim for its breach of contract claims and its claim under Section 17.50(c) of the Texas

Deceptive Trade Practices Act. [1] Plaintiff opposes both Motions and will demonstrate that there

are not only genuine issues of fact, but that HDMS cannot recover as a matter of law on many of

its theories.    Further, Plaintiff has filed a Motion for Reconsideration of this Court's

---

[1] Defendant Powertech Marine, Inc. also seeks a summary judgment on all of Plaintiff's grounds of recovery.  A
separate Response is being filed to this Motion.

Memorandum and Order on the grounds that the Court incorrectly considered evidence regarding

the meaning of a contract that this Court itself found to be unambiguous.

## II.

## STATEMENT OF ISSUES TO BE RULED ON BY COURT

1.      Whether HDMS has proven, as a matter of law, that Plaintiff breached the Settlement Agreement.

2.      Whether HDMS has proven, as a matter of law, that the attorney's fees it alleges it expended in this case were damages.

3.      Whether HDMS has proven, as a matter of law, that it can recover attorney's fees against Plaintiff, an LLC, pursuant to Article 38.001(8) of the Texas Civil Practice & Remedies Code.

4.      Whether HDMS has proven, as a matter of law, that Plaintiff violated Section 17.50(c) of the Texas Business and Commerce Code to allow it to recover attorney's fees.

5.      Whether HDMS has proven, as a matter of law that assuming Plaintiff breached the settlement agreement, HDMS suffered any damages as a result.

6.      Whether or not the $ 411,633.42 in attorney's fees sought by HDMS have been proven, as a matter of law, to be reasonable and necessary under the facts.

## III.

## SUMMARY OF ARGUMENT

HDMS seeks to recover as a matter of law on its Counterclaims for breach of contract and

also be awarded attorney's fees and damages. To recover for a breach of contract in a summary

judgment setting, HMDS must prove, as a matter of law, a contract existed, that HMDS performed,

that Plaintiff breached the contract and the breach was a cause of damages.  As the movant on a

motion for summary judgment on its counterclaim, HMDS has the burden of proving there is no

issue of material fact and that it has proven each issue of its claims as a matter of law.  *Topalian*

*v. Ehrman,* 954 F.2d 1125, 1137 (5th Cir. 1992).  All reasonable inferences must be drawn in favor

2

of Plaintiff.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003).  HDMS' Motion fails to prove a breach and fails to prove it was damaged.  *E.g., Bridmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003).

Further, HDMS argues that that it is entitled to recover $ 411,633.42 attorney's fees when it alleges it was only damaged $ 46,016.10.    This amount of attorney's fees for this recovery is excessive as a matter of law.  HDMS also argues that these attorney's fees are in fact damages, a position that has no support in Texas law.

HDMS further seeks to recover attorney's fees pursuant to Section 38.001(8) of the Texas Civil Practice and Remedies Code against Plaintiff, which is an LLC.  Texas law does not allow the recovery of such fees under this statute against an LLC.  Further, the fees HDMS seeks to recover are excessive and not reasonable and necessary and have not been segregated from work for which such fees are not allowed.

Finally, HDMS seeks to penalize Plaintiff for its Deceptive Trade Practice action by asking the Court to find that claim was baseless and brought in bad faith and for purposes of harassment seeking the award of the same $ 411,633.42 in attorney's fees.  The DTPA Section allowing for attorney's fees is not applicable and such action is not appropriate under the facts of this case.

None of these arguments has any merit and HDMS' Motion for Summary Judgment should be denied.

## IV.

## CYPRESS ENGINE'S RESPONSE TO HMDS' STATEMENT OF UNDISPUTED FACTS

## 1.    Terms of the Compromise and Settlement Agreement

HDMS fails to point that this Court held that the Agreement was not ambiguous.

3

Memorandum & Order at 11.  Plaintiff has this date filed a Motion for Reconsideration on the impact of this finding.

2.   **Cypress Did Not Breach the Settlement Agreement by Filing Suit for Breach of Warranty and DTPA.**

While the Court held that these claims were covered by the Settlement Agreement, the Court did not hold that by filing this suit, Plaintiff breached the Settlement Agreement.  As will argued below in Section VA2, any such finding would be contrary to Texas law.

3. – 4.  **This Court's holding that Cypress Breached the Settlement Agreement by Engaging in the Prechamber Business was in error**

As noted above, on this date Plaintiff has filed a Motion for Reconsideration of this portion of the Court's Memorandum and Order.  HDMS makes a damage argument that it alleges is uncontested.  Once again that is incorrect as HDMS cannot prove that it was damaged by any action taken by Plaintiff.

5 - 6.   **Cypress Filed its DTPA Claim in Bad Faith**

In an effort to recover attorney's fees that it cannot otherwise recover, HDMS alleges that Plaintiff's pursuit of a DTPA claim was groundless and brought in bad faith.  As briefed below in Section VD, this Section is not applicable and HDMS cannot meet its burden of proof on this issue.

**V.**

**ARGUMENT AND AUTHORIES**

HDMS alleges that is has proven, as a matter of law, that Plaintiff breached the Agreement, that is has been damaged, and that it is entitled to recover attorney's fees under a variety of theories. None of these claims have merit.

A.   **Plaintiff did not breach the Agreement**

4

1.    *Plaintiff did not breach the Agreement by selling prechambers to third parties*

Plaintiff respectfully disagrees with this Court's Memorandum and Order in which, after stating the Agreement is unambiguous, examined the pre-Agreement negotiations and emails and determined that the Agreement was breached when Plaintiff "…continued to sell rechambers…." Memorandum and Order at 13 – 14.   On this date, Plaintiff has filed a Motion to Reconsider this Court's action in that regard and will makes its arguments in that pleading.

Further this Court's ruling that the sale of prechambers was a breach of the contract merely provided HDMS with a defense to any claim made by Plaintiff and not a cause of action.

2.    *Plaintiff did not breach the Agreement by filing this suit*

HDMS also asserts that by merely filing this suit, Plaintiff breached the Agreement and alleges this Court has so found in its Oder.   This Court actually held that Plaintiff "…cannot now assert claims it released in its settlement agreement."   Memorandum and Order at 15.   Further, while this Court felt these claims were covered by the Settlement Agreement, it held that as a result "…the original claim is extinguished and the compromise and settlement agreement operates as an estoppel in a later action asserting obligations or claims that were the subject matter of the settled dispute" and would act as a defense to any such claims made by Plaintiff. *Id.* This Court did not hold that Plaintiff's actions provided HDMS the right to an affirmative action, only a defense to any action brought by Plaintiff.

This fact is further supported by HDMS' own pleadings.   In its initial Motion for Summary Judgment (Doc. 53), HDMS conceded that "[f]or the sake of clarity and expediency, HDMS is only seeking judgment on Cypress' claims in this Motion, however HDMS hereby reserves the right to file an additional motion for summary judgment on its counterclaims, pending the outcome

5

of this Motion." Defendant HDMS Limited Company's Motion for Summary Judgment at 1 n.1 (Doc. 53).

Even if the Court's Memorandum and Order held that by filing this lawsuit Plaintiff breached the Agreement, that would be in conflict with Texas law. In *National Prop. Holdings, L.P. v. Wintergreen,* 453 S.W.3d 419 (Tex. 2015), the Texas Supreme Court dealt with a mediated settlement agreement and the argument that by filing suit after entering into the agreement, it was breached. The Court held that:

> "The Plank parties contend that a party who releases a claim and later files suit on that claim necessarily breaches the release agreement. We disagree…. Wintergreen, in turn, argues that the release provides only an affirmative defense because it provides only that it "may be pleaded as an absolute and final bar to any or all suit" and does not include an express or implied covenant not to sue or to indemnify the released parties….
>
> The intent of the MSA was to settle the suit between Westergren and the other parties to the initial litigation, who are not before the Court in this case. We find no language in the MSA in which Westergren agreed not to sue the Plank parties…. We also find that the release is unambiguous as to this point. The parties intended the release "to release all liability described" within the agreement. Like the MSA, it includes no language barring Westergren from bringing suit or stating that he would breach the release by doing so…. Although the release provides an affirmative defense to future suits, we cannot construe it as including a covenant not to sue where, in fact, the plain language does not bar future suits. Just as Westergren is bound to the actual language of the release, so are the Plank parties."

*Id.* at 428-29. [2]

That is precisely the situation in this case. A review of the Agreement demonstrates that it does not contain any provision that Plaintiff agreed not to sue HDMS or that it would breach the

---

[2] *Accord Agar Corp., Inc. v. Electro Circuits Int'l,* No. 14-15-000134 at 12 (Tex. App.—Houston [1st Dist.] Dec. 22, 2016, no pet.) ("The Texas Supreme Court has rejected the contention that "a party who releases a claim and later files suit on that claim necessarily breaches the release." [*citing Nat'l Prop. Holdings L.P. v. Westergreen*] *The court likewise has rejected an effort to read 'a covenant not to sue into a release that does not include such a promise.");* *Guggenheim Corp. Funding, LLC v. Valerus Compression Services, L.P.,* 465 S.W.3d 673, 692-93 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) ("This provision does not approach language in a covenant-not-to-sue provision: the plain language of this provision does not purport to prevent Valerus from filing suit.").

Agreement if it did so.   This Court did not so hold in its Order. HDMS' attempt to argue that the filing of this suit constitutes a reach of the Agreement fails.

Since HDMS cannot prove Plaintiff breached the Agreement, its summary judgment must fail.

**B.    HDMS was not damaged by any action taken by Plaintiff.**

   *1.    HDMS did not suffer any damages regarding the sale of the chambers by Plaintiff*

   *a.    HDMS' damage model reveals it suffered no damages*

HDMS' proof of its damages is contained in the affidavit of George Robert Erickson who concludes the damages total $ 46,016.10. (Exhibit CC). He calculates this loss by stating that pursuant to the Agreement, HDMS took back 96 new prechambers from Plaintiff for a total cost to HDMS of $ 98,528.40, or $ 1,026.34 per unit.    He then alleges that HDMS could have purchased similar units from a vendor for $ 547.00 per unit.   He then calculates the alleged loss by multiplying the 96 prechambers by $ 547.00 per unit for a total cost of $ 52,512.00, the cost if purchased from a vendor.   (Exhibit BB) He deducts the $ 52,512.00 potential purchase price from the actual purchase price of $ 98,528.40 to reach an alleged damage figure of $ 45,016.10.

This argument ignores HDMS' duty to mitigate its damages. *Great Am. Ins. Co. v. North Austin Mun. Util Dist.,* 908 S.W.2d 415, 426 (Tex. 1995). HDMS now has in its possession 96 new prechambers for which it paid a total of $ 98,528.40. According to HDMS these new prechamgers are in no way defective.   Therefore, if HDMS sells the 96 prechambers at the market rate it sold them to Plaintiff for under the Agreement, $ 1,450.00, it would receive $ 139, 248.00. (96 prechambers X $ 1,450.00).   When the $ 98,528.40 purchase price is deducted from what

7

HMDS will receive when the prechambers are sold, it results not in a loss, but a profit of $ 33,720.00.    ($139,248.00 minus $98,528.00)

Using HDMS' own expert's numbers, HDMS cannot prove it suffered a loss by any breach of contract by Plaintiff and therefore it cannot recover on its breach of contract claim.

### b.    *HDMS cannot recover its attorneys' fees as damages.*

Evidently recognizing that it has not been damaged by Plaintiff's action, HDMS asserts its $ 411,633.42 in attorney's fees are actual damages for the alleged breach of contract by Plaintiff. This allegation has no support in Texas law.

### (1)    HMDS did not plead for the recovery of attorney's fees as special damages.

When a party seeks to recover attorney's fees as damages, they must be pled as special damages.  *United Indus., Inc. v. Simon-Hartley, Ltd.,* 91 F.3d 762, 764 (5th Cir. 1996). [3] HMDS did not plead for its attorney's fees as special damages and it therefore cannot now recover them as such.  Fed. R. Civ. P. 9(g) ("If an item of special damages is claimed, it must be specifically stated.") (Doc. 35-1, HDMS First Amended Original Complaint)

### (2)    Texas law does not allow the recovery HDMS' attorney's fees as damages.

Because this is a diversity case, this Court must analyze the claims raised under Texas law. *Gilbane Bldg. Co. v. Admiral Ins. Co.,* 664 F.3d 589, 593 (5th Cir. 2011).  Texas law distinguishes between recovery of attorney's fees *as* actual damages and recovery of attorney's fees *incident to* recovery of other actual damages.    There are three Texas Supreme Court cases and at least one

---

[3]  *Accord Johnson v. Equifax Info. Serv., Inc.,* No. 4:16-CV-0051 (E.D. Tex. Mar. 17, 2017) ("When attorneys' fees are part of an affirmative claim for relief as part of a cause of action, then they must be pleaded as special damages to be determined by the jury.")

Fifth Circuit case and that are directly on point.

In *In re Nalle Plastics Family P'ship,* 406 S.W.3d 168 (Tex. 2013) a law firm sued its former client for unpaid attorney's fees.   The jury found in favor of the law firm for its breach of contract case and awarded $ 132,661 as actual damages – the amount of attorney's fees not paid by the client – and $ 150,000 as attorney's fees for the collection efforts.   *Id.* at 169.   The issue in the case was, for supersedeas bond purposes, the $ 150,000 compensatory damages or attorney's fees.   The Court held that "[w]hile attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages."  [4] *Id.* at 173.   As the Court noted, "[w]hile attorney's fees incurred in prosecuting this claim are not compensatory damages, the fees comprising the breach-of-contract damages are." *Id.* at 175.

In *Richardson v. Wells Fargo Bank, N.A.,* 740 F.3d 1035 (5th Cir. 2014), the Fifth Circuit, interpreting Texas law, followed *Nalles Plastics* and noted that "Texas courts 'have long distinguished attorney's fees from damages." *Id.* at 1037.   The Court noted that the distinction is between "compensation owed for an underlying harm and fees that may be awarded for counsel's services." *Id. at 1038* citing *Nalle Plastics Family Ltd. P'ship,* supra at 172.   Thus "attorney's fees for the prosecution or defense of a claim are not damages under Texas law."   740 F.3d at 1038.   The Court noted that if the fees sought were for litigation with a third party, or for unpaid legal bills sought for a breach of contract or for pre-litigation fees to obtain title from a

---

[4] The Court cited *Landa v. Obert,* 45 Tex. 539, 544-45 (Tex. 1876), a case more than 100 years old, and stated "…the decided weight of authority is against the proposition that the plaintiff has the right to claim his counsel fees…as a part of his damages.".   The Court cited several courts of appeals cases that it viewed as supporting its position that attorney's fees are not damages.   406 S.W.3d at 172 n.5.

third party to whom title had been improperly transferred, then the fees may be damages. *Id.*

Another example of this exception is found in *Aikin, Gump, Strauss, Hauer & Feld, LLP v. National Dev. & Res. Corp.,* 299 S.W.3d 106 (Tex. 2009), a legal malpractice case.  Akin Gump was sued by a former client for legal malpractice and one of the issues was whether or not the client could recover the money it had paid Akin Gump for its legal fees.  The Court noted that the money sought was not for fees to defend or prove a claim, but for the actual money paid to Akin Gump.  The Court noted the general rule that "…a party may not recover attorney's fees for the litigation in which it is involved unless recovery is authorized by statue or contract. *Id.* at 119.  The Court created an exception and held that "…we conclude the general rule as to recovery of attorney's fees from an adverse party in litigation does not bar a malpractice plaintiff from claiming damages in the malpractice case for fees it paid the attorney in the underlying suit." *Id.*

*Tana Oil & Gas Corp. v. McCall,* 104 S.W.3d 80 (Tex. 2003), is also directly on point. After a suit between the lessor and lessee of an oil and gas lease was settled, subsequent litigation occurred.  The lawyers for one of the parties was sued and they counter claimed seeking the recovery of the value of their time and costs incurred in defending the claim. The Court held that attorney's fees are ordinarily not recoverable as actual damages in and of themselves and the suit to recover damages solely on the value of time and costs incurred in defending claims were not damages. *Id.* at 81-82. [5]  This Court has recognized this venerable rule. *American Guarantee & Liab. Ins. Co. v. United States Fire Ins. Co.,* No.H-15-1926 (S.D. Tex. 2017) ("Attorney's fees are

---

[5] *Accord Edom Corner, LLC v. It's the Berry's, LLC,* No. 12-14-00365 (Tex. App.—Tyler, Mar. 31, 2016, no pet.); *Worldwide Asset Purchasing, LLC v. Rent-A-Ctr. E., Inc.,* 290 S.W.3d 554, 570 (Tex. App.—Dallas 2009, no pet.); *Haden v. Sacks,* 222 S.W.3d 580, 597 (Tex. App.—Houston [1st Dist.] 2007), *rev'd in part on other grounds,* 263 S.W.3d 919 (Tex. 2008) (per curiam).

not damages under Texas law (with exceptions not relevant here.") (Rosenthal, J.).

In the face of this clear Texas authority, HMDS argues that they are not seeking the money it paid its lawyers as attorney's fees, but that they are actual damages "caused by the breach of a settlement agreement."   In support of this concept, HDMS cites three cases.   Two do not interpret Texas law.   The first, *Dallas Gas Partners, L.P. v. Prospect Energy Corp.,* 733 F.3d 148 (5th Cir.), is based on New York law.       The second, *Widener v. Arco Oil & Gas. Co.,* 717 F. Supp. 1211 (N.D. Tex. 1989), fails to cite a Texas case in support of its holding but rather relies on a Sixth Circuit case which interprets the Labor Management Relations Act and a New Jersey District Court case which relies on New Jersey law.   *Id.* at 1217. [6]

The only Texas case cited is *Ganske v. WRS Group,* 10-06-00050-CV (Tex. App.—Waco, April 18, 2007, no pet.).     *Ganske* is a Memorandum Opinion that, as far as can be determined, has never been cited as authority by another court during its eleven-year existence.   It further relies on authority that does not support the key proposition that attorney's fees can be damages in Texas.   The best that can be said for *Ganske* is that is in an outlier.

What HDMS seeks to recover as damages are the attorney's fees incurred to prosecute this claim.   HDMS can present no Texas authority that the attorney's fees incurred in this case are damages.   Following Texas Supreme Court precedent, these are not damages but attorney's fees.

### C.    HDMS cannot recover its alleged attorney's fees against Plaintiff

---

[6] Further, at least one intermediate appellate court of Texas has explicitly rejected Widener's holding. *See Haubold v. Medical Carbon Research Inst., LLC,* No. 03-11-00115CV, 2014 WL 1018008, at *8 & n.7 (Tex. App.—Austin Mar. 14, 2014, no pet.) (mem. op.) ("However, [Widener] is not controlling, and our review of other federal court opinions reveals that 'the majority of jurisdictions that have considered the issue have applied the American Rule to bar the award of attorney fees and costs in cases involving a breach of release.").

Because this is a diversity case, this Court must analyze the claims raised under Texas law. *Gilbane Bldg. Co. v. Admiral Ins. Co.,* 664 F.3d 589, 593 (5th Cir. 2011).   Regarding the attorneys' fee issue, state law also governs the award of attorney's fees.   *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.,* 205 F.3d 222, 230 (5th Cir. 2000) (For "diversity cases, attorney's fees awards, which are entrusted to the sound discretion of the trial court, are governed by state law.")   This court should defer to the decisions of the Texas Supreme Court to interpret Texas law or look to Texas appellate court decisions so long as the Court is convinced that the highest court would "[w]en making an *Erie* guess, our task is to attempt to predict state law, not to create or modify it."   *SMI Owen Steel Co. v. Marsh USA, Inc.,* 520 F.3d 432, 442 (5th Cir. 2008).

Texas, for more than a century, "…has not allowed recovery of attorney's fees unless authorized by statute or contract.   This rule is so venerable and ubiquitous in American courts it is known as "the American Rule."   *Tony Gallo Motors, I, L.P. v. Chapa,* 212 S.W.3d 299, 310-11 (Tex. 2006).   *Accord Epps v. Fowler,* 351 S.W.3d 862, 865 (Tex. 2011).   Following the American Rule, Texas courts do not have inherent power to require a losing party to pay the prevailing party's attorney's fees. *Id.*   Such statutes granting the power to award attorney's fees are penal in nature and should therefore be strictly construed. [7]

### 1.   *HDMS cannot recover attorney's fees as it has failed to meet its initial burden*

HDMS cannot recover attorneys' fees as it does not offer proof that establishes as a matter of law that Plaintiff breached the Agreement.   Even assuming the Court believes Plaintiff

---

[7] *E.g., Medical City Dallas, Ltd v. Carlisle Corp.,* 251 S.W.3d 55, 59 (Tex. 2008); *Tenneco Oil Co. v. Padre Drilling Co.,* 453 S.W.2d 814, 818 (Tex. 1970).   *See Westchester Surplus Lines Ins. Co. v. Maverick Tube Corp.,* 722 F. Supp. 2d 787, 799 (S.D. Tex. 2010) ("Like Texas, Missouri has adopted the American rule. Absent statutory authorization or contractual agreement, each litigant bears its own attorneys' fees.").   (Rosenthal, J.).

breached the contract, HDMS still cannot prevail because as demonstrated above, there is no evidence HDMS suffered any damages due to any breach of contract conduct.    Without these two elements, it cannot recover attorneys' fees.    *MBM Fin. Corp., v. The Woodlands Operating Co., LP,* 292 S.W.3d 660, 666 (Tex. 2009) ("…some damages are necessary to recover fees under this statute [Article 38.008, Texas Civil Practice and Remedies Code."]).

### 2.    HDMS cannot utilize Section 38.001(8) of the Texas Civil Practice & Remedies Code to recover attorneys' fees because Plaintiff is an LLC.

There is no written agreement providing for attorney's fees in this case and therefore HDMS must rely on a Texas statute.    HDMS chooses Section 38.001(8) of the Texas Civil Practice and Remedies Code as its vehicle. Section 38.001(8) currently provides, in pertinent part that, "[a] person may recover reasonable attorney's fees from an **individual or corporation**…if the claim is for… (8) an oral or written contract."    Tex. Civ. Prac. & Remedies Code Sec. 38.001(8) (emphasis supplied) By its very terms, it only applies to attorney's fees from "individuals" or "corporations." It is undisputed that Plaintiff is neither; it is an LLC.

Nonetheless, HDMS argues that it is entitled to recover attorneys' fees pursuant to Section 38.001(8) despite the fact Cypress is not an individual or a corporation but an LLC.    HDMS makes the startling assertion that "…many Texas appellate cases have upheld attorneys' fees awards against LLCs and the undersigned could locate no Texas Supreme Court authority to the contrary." (Defendant HDMS Limited Company's Motion for Summary Judgment at 16 – 18) (Doc. 78). What follows that statement is citation to nine (9) Texas cases evidently designed to lead this Court to believe there is appellate court Texas authority for its position.

While it is correct that the Texas Supreme Court has not issued an opinion directly on point,

13

analyzing these cases reveal that **none** hold that attorneys' fees may be recovered against a LLC. under Section 38.001(8).    In seven (7) of the cases, the fact the defendant is a LLC is never mentioned and the application of 38.001(8) is never discussed. [8] In one, attorney's fees were awarded to a partnership, but again 38.001(8) was never mentioned. [9] In another, the attorney's fees were awarded pursuant to the Texas Deceptive Trade Practices Law, not 38.001(8) and the latter Act is never discussed. [10]

Incredibly, HDMS never informs this Court that there is an entire body of state and Texas federal district court opinions based on Texas law that directly hold that attorney's fees cannot be recovered from LLCs and other similar entities under Article 38.001(8). The following federal court cases, applying Texas law, specifically hold that attorney's fees cannot be awarded against an LLC pursuant to Section 38.001(8).   *Siwell, Inc. v. Leverage Fin., LLC,* 5:12-CV-185-D, 2017 WL1297818 at *2 (N.D. Tex. Apr. 18, 2017) ("[T]he court concludes that Section 38.001 bars recovery of attorney's fees from Leverage, an LLC.");   *J.D. Field & Co., Inc. v. North American Fabricators, LLC,* CV H-15-317, 2016 WL 7912455 at *14 (S.D. Tex. Nov. 7, 2016) ("Plaintiff is not entitled to recover attorneys' fees [under 38.001] from either Defendant because both Defendants are limited liability companies."); *Taylor Int'l Servs., Inc. v. Cuero Oilfield Housing,*

---

[8] *Mobilelink San Antonio, LLC v. PNK Wireless Commc'n, Inc,* No.01-15-01048-CV, 2016 WL 7368066 at *7 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (mem. op.); *Expelled Grain Prods., LLC v. Corn Mill Enters, LLC,* No. 07-14-00398, 2016 WL 4413323, at *9 (Tex. App.—Amarillo, Aug. 17, 2016, pet. denied) (mem. op); *Crisp Analytical Lab, LLC v. Jakalam Props. Ltd.,* 422 S.W.3d 85, 93 (Tex. App.—Dallas 2014, pet. denied *Triton 88 v. Star Elect. LLC,* 411 S.W.3d 42, 65 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Howard Indus. v. Crown Cork & Seal Co., LLC,* 403 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Lee-Way Prince Enters. LLC v. QAI Assur., Inc.,* No. 01-07-01004, 2009 WL 3490982, *4 (Tex. App.—Houston [1st Dist.] Oct. 29, 2009, no pet.).

[9] *Bohatch v. Butler & Binion,* 977 S.W.2d 543, 547 (Tex. 1998).

[10] *Odela Grp., LLC v. Double-R Walnut Mgmt., LLC,* No.05-16-00206-CV, 2017 WL 1360209, at *11 (Tex. App.— Dallas April 12, 2017, no pet.).

*LLC,* A-16-CA-512-SS, 2016 WL8674349, at *1 (W.D. Tex. Oct. 31, 2016) ("Attorney's fees are

not allowable against a limited liability company under [Section 38.001]."; *Solid Sys. CAD Servs.*

*v. Total Risc Tech., Ltd,* 4:12-CV-03176, 2016 WL 5942935, at *3 (S.D. Tex. Oct. 13, 2016)

("Taking guidance from the analysis in *Hoffman,* and *Alta Mesa Holdings, L.P. v. Ives...* this Court

concludes that attorneys' fees are not recoverable as against an LLC under Section 38.001 of the

Texas Civil Practice and Remedies Code."); *Chaparral Energy, LLC v. Dudley,* 4:13-CV-3540,

2015 WL 1294250, at *5 (S.D. Tex. Nov. 3, 2015) ("[T]his Court agrees with the *Hoffman Court*

that LLCs are not corporations as the term is used in Section 38.001."); *Dongbu USA, Inc. v.*

*Partners in Steel Int'l, LLC,* CV-H-15-1177, 2015 WL 12803707, at *2 (S.D. Tex. July 17, 2016)

("Plaintiff is not entitled to recover attorneys' fees against Defendant, a limited liability

company."). [11]

Most recently, Judge Harmon authored the well-reasoned opinion in *BHL Boresight, Inc.*

*v. Geo-Steering Solutions, Inc.,* No. 4-15-CV-00627 (S.D. Tex. June 26, 2017). Judge Harmon

noted her obligation to make an *Erie* guess it there was no Texas Supreme Court authority directly

on point. She then reviewed the plain meaning of Section 38.001(8) which allows recovery only

against an "individual" or a "corporation" which is clearly limiting language.  *Id.* at 34-36.  The

opinion also examined the above cited cases and held that "[f]or the reasons already articulated by

these courts, this Court concludes that Section 38.001 does not support a claim for attorney's fee

---

[11]   *See Violetta v. Stevens Bros. Sports Management, LLC,* No. 6-16-CV-01193-JTM (D. Kan. Mar. 31, 2017).
(Kansas district court applying Texas law held "…plaintiff fails to point to any allegation in the complaint that could
plausibly subject SBSM to liability for attorney fees under § 38.001. Accordingly, SBSM is entitled to dismissal of
the claim against it for attorney fees under § 38.001.").   *See also Solid Sys. Cad Serv. v. Total Risc Tech., Ltd,* No.
4:12-CV-03176 (S.D. Tex. Oct. 13, 2016) (Court agreed Section 38.001 does not apply to LLC but party in this case
had identified itself as a corporation in the litigation).

against an LLC for breach of contract."   *Id.* at 37.

Many of the Texas federal court decisions in this area rely on *Hoffman v. L & M Arts,* 3:10-CV-0953-D, 2015 WL 1000838, at *4 (N.D. Tex., Mar. 6, 2015), *affid,* 838 F.3d 568 (5th Cir. 2016).   The *Hoffman* Court made an exhaustive review of Texas state court cases and carefully examined the language of Section 38.001(8).   The court then "…concludes that the plain meaning of the term 'individual' does not include business entities such as LLCs, and, accordingly, makes an *Erie* prediction that the Supreme Court of Texas would not interpret 'individual' in Section 38.001 to include an LLC."   3:10-CV0 at 15.

*Huffman* was appealed to the Fifth Circuit which held that there was no breach of contract to allow the awarding of attorney's fees.   The Court noted that

"Because we hold that there was no compensable breach of the Agreement, we need not address Hoffman's argument on cross-appeal that she is entitled to prevailing party attorneys' fees under section 38.001(8) of the Texas Civil Practice and Remedies Code. However, we note that an intervening decision by the Court of Appeals of Texas supports the district court's Erie guess that an LLC like L & M is not "an individual or corporation" under section 38.001(8).  See Choice! Power, L.P. v. Feely [citation omitted] (interpreting 'corporation' in section 38.001(8) to refer specifically to incorporated entities rather than generally to all business)."

838 F.3d 568, 583 n. 14.

In addition to these federal court cases interpreting Texas law, the Texas state court cases uniformly make the same holding.   In *Alta Mesa Holdings, L.P. v. Ives,* 488 S.W.3d 438 (Tex. App.—Houston [14th Dist.] pet. denied), the court held that attorney's fees cannot be recovered against an LLC pursuant to Section 38.001.   As the Court stated, "[t]he history of section 38.001 and its predecessor statute, article 2226 of the Texas Revised Civil Statutes, supports the conclusion that use of the term 'corporation' does not encompass an LLC."   *Id.* at 454.   As

16

authority, the court relied on *Hoffman v. L & M Arts, supra.* Several other state court cases make the same holding prohibiting the recovery of attorney's fees under Section 38.001(8). [12]

Utilizing the same rationale, there are numerous state and federal court cases holding that the clear language of Section 38.001 does not allow attorney's to be collected from partnerships or limited partnerships. *Alta Mesa Holdings, L.P. v. Ives, supra,* relied on the earlier Texas Court of Appeals opinion in *Fleming & Associates, L.L.P. v. Barton,* 425 S.W.3d 560, 574-75 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) which held that a court could not order a limited partnership, to pay attorney's fees pursuant to Section 38.001. [13]

### *Legislative History of Section 38.001*

The precursor to Section 38.001(8) was Article 2206 of the Texas Statutes. Tex. Rev. Civ. Stat. Ann. Art 2226 (Vernon Supp. 1985) (repealed 1986). Article 2226 provided that "any

---

[12] *Accord Vast Constr, LLC v. CTC Contractors, LLC,* No. 14-16-00005-CV at 2 (Tex. App.—Houston [14th Dist.] July 6, 2017, no pet.) ("We agree…that the trial court erred by awarding attorneys' fees against it under Civil Practice and Remedies Code section 38.001 because that statute authorizes an award of reasonable attorneys' fees against only individuals and corporations, and Vast, a limited liability company, is neither an individual nor a corporation."); *Broadway, Inc. v. J & J Marindale Ventures, Inc.,* No.04-16-00447-CV at 7 (Tex. App.—San Antonio, June 28, 2017) ("We agree with the analysis of our sister courts and similarly hold 8035 Broadway was not entitled to recover attorney's fees against Martindale because it is a limited liability company."); *Varel Int'l Indus., L.P. v. Petro Drillbits, Int'l, Inc.,* No. 05-14-01556-CV, 2016 WL 4535779 at *7 (Tex. App.—Dallas August 30, 2016, pet denied).

[13] *Accord Greco v. National Football League,* 116 F. Supp. 3d 744 (N.D. Tex. 2015) ("The plain language and ordinary meaning of 'individual or corporation' excludes an unincorporated association from liability for attorney's fees."); *Traxxas, LP v. DeWitt,* No. 4:14CV733 at 15 (E.D. Tex. Dec. 2, 2015) ("Traxxas is a limited partnership, and therefore, the Court dismisses Defendant's claim for attorney's fee" pursuant to Section 38.001); *Baylor Health Care Sys. v. National Elevator Indus.,* No. 3:06-CV-1888-P, 2008 WL 2245834 *6 (N.D. Tex. June 2, 2008) ("[T]he Court finds that the plain language 1 of Section 38.001 of the Texas Civil Practices & Remedies Code is unambiguous and that an ERISA plan, like NEI, is not an "individual or corporation" under Section 38.001."); *Ganz CBIF Ltd., Partnership v. TGI Friday's, Inc.,* 05-15-00157-CV, 2017 WL 1455407, at *25 (Tex. App.—Dallas Apr. 21, 2017, no pet.) ("Under the plain language of Section 38.001, a trial court cannot order limited liability partnerships, limited liability companies, or limited partnerships to pay attorneys' fees."). *Accord LP Choice! Power L.P. v. Feeley,* 501 S.W.3d 199, 211-14 (Tex. App.—Houston [1st] 2016, no pet.) ("We hold that section 38.001 of the Civil Practice and Remedies Code does not permit recovery against a limited partnership.")

person, corporation, partnership, or other legal entity having a valid claim against a **person or corporation** for services rendered, labor done, material furnished ...may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees...." (emphasis supplied) This Act was repealed and moved to the Texas Civil Practice and Remedies Code as Section 38.001.  The phrase "persons or corporation" was changed to "individual or corporation." This legislative history is detailed in several reported cases and one of the best renditions is in the 1997 case of *Ganz v. Lyons Partnership, LP,* 173 F.R.D. 173 (N.D. Tex. 1997), the first opinion to interpret the change in the statutes.

The *Ganz* Court noted that when the statue was amended in 1986 and moved to the Civil Practice and Remedies Code, the language was changed to allow recovery only against an "individual or corporation."  *Id.*  at 175.  It explored the legislative history and prior cases interpreting Article 2226 and determined that "[t]he change in wording from 'person' to 'individual' signifies that the classification in § 38.001 is intended to restrict the term ' person' to an individual human being, thereby precluding the inclusion of governmental entities among those against whom a party can recover attorney's fees." *Id.* at 173-75. The legislature, knowing that the Code Construction Act defined " person" to include " partnerships," among others, thereby intended to exclude those who by definition are not " individuals" or " corporations." *Id.*

Of further significance is that in 2015, the Texas legislature considered amending Section 38.00(8) by adding the phrase "or other legal entity" which have included LLCs, LLPs and partnerships.   That bill, however, was left pending in committee and not passed.   (Exhibit A).

The significance of that action is that if a statue is interpreted by the courts of the State of Texas and the statue is re-enacted by the legislature without substantial change, it is presumed the

legislature was familiar with the courts' interpretation and to have adopted it.  *E.g., Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,* 145 S.W.3d 170,176 (Tex. 2004); *Grapevine Excavation, Inc. v. Md. Lloyds,* 35 S.W.d 1, 5 (Tex. 2000.   *Accord* Beal, THE ART OF STATUTORY CONSTRUCTION:  TEXAS STYLE, 64 BAYLOR L. REV. 342, 417 (2012). [14]

The legislative history reflects that the Texas Legislature intended to change the attorney's fees statue to only allow recovery against "individuals or corporations" and Plaintiff is neither. After years of judicial interpretation, the Legislature has not changed Article 38.001(8) and it is therefore presumed the Texas Legislature has adopted the court's interpretation.

### 3.  *Failure to Present the Claim for Attorney's Fees*

Even if Section 38.001(8), applied, it requires that HDMS as the claimant must "…present the claim to the opposing party or to a duly authorized agent of the opposing party…and payment of the just amount owed must not have been tendered before the expiration of the 30[th] day after the claim is presented."   Tex. Civ. Prac. & Rem. Code, Sec. 38.002(2)-(3). Presentment is a substantive prerequisite to the recovery of attorney's fees under Section 38.001.  *See Playboy Enter., Inc. v. Sanchez-Campuzano,* 561 F. App'x 306, 309 (5th Cir. Dec. 23, 2013).    HDMS has provided no proof of presentment and on that ground alone its request for attorney's fees fails.

### D.    Plaintiff did not violate the provisions of Section 17.50(c) of the Texas Deceptive Trade Practices Act

HDMS alleges that Plaintiff violated Section 17.50(c) of the Texas Deceptive Trade

---

[14] The identical concept is recognized in federal courts.  In *Electric Battery Co. v. Shimadzu,* 307 U.S. 5 (1939), the United States Supreme Court was faced with a statue that had been interpreted by federal courts and subsequently Congress had not amended it.   The Court held "Congress has not seen fit to amend the statute in this respect and we must assume that it has been satisfied with, and adopted, the construction given to its enactment by the courts."  *Id.* at 14.

Practices Act which requires a court to award a defendant reasonable and necessary attorney's fees and costs if it determines "…that an action brought under this section is groundless in fact or law or brought in bad faith, or brought for the purpose of harassment…." Tex. Bus. & Comm. Code Section 17.50(c). It is apparent from the language of this Section that it only applies to claims made under the DTPA.

### 1.   *This Section does not apply to the facts of this case.*

For this Section to apply, an **action under the DTPA** must have been groundless or brought in bad faith or to harass.   After Plaintiff filed this case, HDMS successfully requested that this Court initially limit discovery to determine which party breached the Agreement first. Discovery on the substantive issue of liability was to be delayed.   As explained by HDMS counsel in his attorney's fees declaration:

> *Seeking other means to limit the cost of the litigation, we proposed to stage the discovery, confining it to the issues of whether the parties' agreement settled the issues formed the basis of Cypress's claims in this lawsuit and which party breached that agreement first. This Court granted our request on August 30, 2016 (the "Limited Discovery Order") …..*

Exhibit EE, Declaration of Neil Kenton Alexander Regarding HDMS's Attorneys' Fees and Expenses at 4.

Further, this Court's Memorandum and Order does not deal with the merits of Plaintiff's DTPA case against HMDS. With the merits of Plaintiff's DTPA claim undetermined it cannot, as a matter of law, be found to have filed a groundless or in bad faith DTPA claim.   Section 17.50(c) simply does not apply to these facts.

### 2.   *Plaintiff's DTPA claim was not groundless in fact or law.*

For a claim to be groundless, it must have no basis in law or fact and not warranted by the extension of existing law.  *Donwerth v. Preston II Chrysler-Dodge, Inc,* 775 S.W.2d 634 (Tex.

20

1989). Groundless does not mean no evidence. *Id.* at 637. Further, a trial court may direct a verdict against a plaintiff or a jury may not find a violation of the DTPA and it does not mean the law suit was groundless. *In re Frazin,* 413 B.R. 378, 429 (N.D. Tex. 2009); *Central Tex. Hardware, Inc. v. First City, Texas-Bryan, N.A.,* 810 S.W.2d 234, 237 (Tex. App.—Houston [14th Dist.] 1991, writ denied); *Rutherford v. Riata Cadillac Co.,* 809 S.W.2d 535 (Tex. App.—San Antonio 1991, writ ref'd n.r.e.).

The history of this case makes it apparent this provision has not been met. The affidavit of Jon Yaunke, Plaintiff's Chief Operating Officer, details the purchase of prechambers from HDMS and the resulting problems from what Plaintiff feels is a defect in the device. (Exhibit B). To resolve the situation, Plaintiff and HDMS entered into the Agreement on March 21, 2014. Subsequently, HMDS withheld money for a preexisting debt owed by Plaintiff. Plaintiff felt that HDMS had breached the Agreement and took the position as a result, it was no longer valid and filed this suit. (Exhibit B). In that case, it again asserted its claims under the Texas DTPA that the devices were defective.

In this case, after thinking their dispute with HMDS was settled, a further dispute arose when HDMS unilaterally reduced payments due to Plaintiff for past due debt. As a result, Plaintiff filed this lawsuit in an effort to be paid. Therefore, the DTPA claim is not at issue, but all claims that could be made by Plaintiff. This is not a groundless lawsuit. (Exhibit B)

### 3. *Plaintiff's DTPA claim was not brought in bad faith or to harass*

Nor has HDMS offered any proof that Plaintiff's DTPA claim was brought in bad faith or for the purpose of harassment. To be brought in bad faith or for purpose of harassment, HDMS must prove that the suit was motivated by a malicious or discriminatory purpose. *In re Frazin,*

21

*supra* at 41 *citing Baroid Equp., Inc. v. Odesco Drilling, Inc.,* 184 S.W.3d 1, 20 (Tex. App.—

Houston [1st Dist.] 2005, pet. denied).   There must be direct evidence of bad faith or of a purpose

to harass.   *LaChance v. McKown,* 649 S.W.2d 658, 662 (Tex. App.—Texarkana 1983, writ ref'd

n.r.e.); *Knebel v. Port Enterprises, Inc.,* 760 S.W.2d 829, 832 (Tex. App.—Corpus Christi 1988,

writ denied).   The only "evidence" HDMS can muster are two comments from employees of

Plaintiff about the pursuit of this case.   [15]

### 4.      *HDMS cannot offer proof of attorney's fees*

HMDS was successful in limiting discovery in this case until the breach of contract issues

were determined.   As a result, HDMS should have expended no attorney's fees related to the

DTPA claim.   It cannot now claim that it expended attorney's fees on an issue that was not ripe

for consideration.

Despite that fact HDMS alleges

*Those attorneys' fees and costs total $ 393,300.87, which is the amount of reasonable and necessary fees and expenses HDMS incurred in defending against Cypress's bad faith DTPA claim…."*   (HMDS Motion at 23).

Thus, even though the Court, at HDMS' request, ordered that any action on the liability facts,

including Plaintiff's DTPA claim be deferred, HDMS now alleges it spent almost $ 400,000 in

attorney's fees.

Finally, HDMS refuses to segregate the attorney's fees it alleges were incurred to defend

the DTPA aspect of this case. In the Declaration of Neil Kenton Alexander Regarding HDMS's

---

[15] This is not a case in which Section 17.50(c) was intended to cover.   The purpose of the Act is to deter similar conduct in the future.   *Klein v. Dooley,* 949 S.W.2d 307, 308 (Tex. 1997).   This Court, in *Howard v. State Farm Lloyds,* No H-04-0352, 2005 WL 2600442, at *8 (S.D. Tex. Oct. 12, 2005) was faced with facts that cried for the award of attorney's fees.   This case does not.

Attorneys' Fees and Expenses, however, it is alleged that "[n]o work was directed solely toward prosecuting HDM's non-contract claims or solely to defending Cypress's Affirmative Claims." Exhibit EE, Declaration of Neil Kenton Alexander Regarding HDMS's Attorneys' Fees and Expenses at 9.

HDMS is not entitled to recover any attorney's fees based on a violation of Section 17.50(c) of the Texas DTPA.

### E.   The Attorney's Fees HDMS seeks to recover are excessive and not reasonable

#### 1.   *Legal Standards*

The lodestar method is the proper standard for calculating attorney's fees controlled by Texas law. *El Apple I, Ltd. v. Olivas,* 370 S.W.3d 757, 760 (Tex. 2012).   The first step is to determine the reasonable hourly rate for the attorneys and nonlegal personnel who worked on the case based on "the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 (1984).   The second step is to determine the number of hours "reasonably expended." *McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 284 (5th Cir. 2008).

Important factors to consider when making the lodestar computation are:

#### a.   *Segregation of attorney's fees for claims not allowing recovery of attorney's fees*

A party seeking to recover attorney's fees must segregate fees between claims for which they are recoverable and claims for which they are not. *Tony Gullo Motors L.L.P. v. Chapa,* 213 S.W.3d 299, 311 (Tex. 2006).   If a party incurs attorney's fees and expenses related to claims for which such fees and expenses are not recoverable, the fee-seeking party must likewise offer evidence that the fees for those claims were segregated and were not included in the calculation of the fees and expenses sought. *A.G. Edwards & Sons, Inc. v. Beyer,* 236 S.W.3d 704, 710 (Tex.

2007). Unrecoverable fees are not rendered recoverable merely because they are nominal. *Chapa* 213 S.W.3d at 313.

HDMS argues that segregation is not required when the attorneys' fees incurred are in connection with claims arising out of the same transaction and are so interrelated that their "prosecution or defense entails proof or denial of essentially the same facts." *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 11 (Tex. 1991). If any attorney's fees relate solely to a claim for which such fees are unrecoverable, however, a claimant must segregate recoverable from unrecoverable fees. *Chapa,* 212 S.W.3d at 313. Intertwined facts do not make fees for defending a case recoverable; it is only when discrete legal services advance **both** a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated.

The burden is on HDMS and this court should look at each legal task to determine which ones relate to a recoverable claim versus an unrecoverable claim. *Clearview Prop., L.P. v. Property Texas SC One Corp.,* 287 S.W.3d 132, 144 (Tex. App—Houston [14th Dist.] 2009, pet. denied). The court must "...parse the work into component tasks, such as examining a pleading paragraph by paragraph to determine which ones relate to recoverable claims." *Id.*

### 2. *Billing Judgment*

"Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saipan v. Delta Concrete Prods. Co.,* 448 F.3d 795, 799 (5th Cir. 2006). Billing judgment is an important because "[t]he hours that are not properly billed to one's client also are not properly billed to one's adversary…. *El Apple I, Ltd. v. Olivas, supra* at 762.

### 3. *Excessive fees compared to amount at risk.*

24

"Attorneys' fees must bear some reasonable relationship to the amount in controversy." *Cordova v. Sw. Bell Yellow Pages,* 148 S.W.3d 441, 448 (Tex. App.—El Paso 2004, no pet.). *Accord Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983) (The "most crucial factor in determining a reasonable fee "is the degree of success obtained….and [a] reduced fee is appropriate if the *relief*, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 440. The Fifth Circuit has followed this mandate. *Flowers v. South Reg's Physician Servs. Inc.,* 286 F.3d 798, 802 (5th Cir. 2002) ("[a]warding attorney's fees based on the damages, or degree of success obtained, is completely in line with the holdings of the Supreme Court and this Circuit.")

### 4. *Legal assistant fees and Costs*

An award of attorney's fees may include a legal assistant's time to the extent that the work performed "…has traditionally been done by any attorneys." *Clary Corp. v. Smith,* 949 S.W.2d 452, 469 (Tex. App.—Fort Worth 1997, writ denied); *Gill Sav. Ass'n v. International Supply Co.,* 759 S.W.2d 697, 702 (Tex. App.—Dallas, writ denied). Further, while attorney's fees are controlled by Texas state law, recovery of costs is dictated by 28. U.S.C. Sec. 1920. *Symetra Life Ins. Co. v. Rapid Settlements*, 599 F. Supp. 809 (S.D. Tex. 2008) (Rosenthal, J.).

Plaintiff presents the declaration of John Paul Venzke (Exhibit C) to offer expert opinion on the attorney's fees issues.

### VI.

### CONCLUSION

HDMS has failed to meet its burden to prove its breach of contract, damages and right to attorney's fees as a matter of law. This Court should deny the Motion in all respects.

Dated: September 17, 2017

25

Respectfully submitted,

/s/ John P. Venzke

_____

John P. Venzke
SBN:  20156500
Federal ID 2374
P.O. Box 667485
Houston, Texas 77266
(713)522-1190
(713)550-0333
jvenzke@comcast.net

Attorney in Charge for Plaintiff Cypress
Engine Accessories, Inc.

Of Counsel:
The Venzke Law Firm, P.C.

## CERTIFICATE OF SERVICE

The undersigned certifies a true copy of the foregoing was served on all counsel of record
by the Court's electronic case filing service.

/s/    John P. Venzke
John P. Venzke

26