IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYPRESS ENGINE ACCESSORIES, INC. | § § § | |
| Plaintiff | § § | |
| VS. | § § | CIVIL ACTION NO. 4:15-cv-2227 |
| HDMS LIMITED COMPANY d/b/a PREMIUM POWER SOLUTIONS and POWERTECHMARINE, INC. | § § § § | |
| Defendants | § § | |

**PLAINTIFF CYPRESS ENGINE ACCESSORIES, INC.'S RESPONSE AND OPPOSITION TO DEFENDANT POWERTECH MARINE, INC.'S MOTION FOR SUMMARY JUDGMENT AND FOR RELIEF PURSUANT TO RULE 56(f)**

Dated:   September 20, 2017

John P. Venzke
SBN:   20156500
Federal ID 2374
P.O. Box 667485
Houston, Texas 77266
(713)522-1190
(713)550-0333
jvenzke@comcast.net

Attorney in Charge for Plaintiff Cypress Engine Accessories, Inc.

Of Counsel:
The Venzke Law Firm, P.C.

## TABLE OF CONTENTS

I. Nature and Stage of Proceedings..................................................................1

II. Statement of Issues to be Ruled on by Court..................................................1

III. Summary of Argument................................................................................2

IV. Cypress Engine's Response to Powertech's Statement of Undisputed Facts..........3

V. Argument and Authorities............................................................................3

    A. The Agreement Does not Apply to Powertech...........................................3

    B. There is a Question of Fact About Powertech's involvement with the
       Prechambers...................................................................................3

    D. Plaintiff did not violate the provisions of Section 17.50(c) of the Texas............4
       Deceptive Trade Practices Act

       1. This Section does not apply to the facts of this case................................5
       2. Plaintiff's DTPA claim was not groundless in fact or law.........................6
       3. Plaintiff's DTPA claim was not brought in bad faith or to harass................6
       4. HMDS cannot offer proof of attorney's fees........................................7

VI. Conclusion.............................................................................................26

## TABLE OF CITATIONS

### Federal Cases

*In re Frazin,* 413 B.R. 378, 429 (N.D. Tex. 2009)……………………………………..5

*Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410 412 (5th Cir.2003)…........2

*Topalian v. Ehrman,* 954 F.2d 1125, 1137 (5th Cir. 1992)……………………..……………..2

*Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir. 1990)……………………..……..5

### State Cases

*Baroid Equp., Inc. v. Odesco Drilling, Inc.,*
   184 S.W.3d 1, 20 (Tex. App —Houston [1st Dist.] 2005, pet. denied).........................................5

*Donwerth v. Preston II Chrysler-Dodge, Inc,* 775 S.W.2d 634 (Tex. 1989)……………….……5

*Hardware, Inc. v. First City, Texas-Bryan, N.A.,*
   810 S.W.2d 234, 237 (Tex. App.—Houston [14th Dist.] 1991, writ denied)...............................6

*Knebel v. Port Enterprises, Inc.,*
   760 S.W.2d 829, 832 (Tex. App.—Corpus Christi 1988, writ denied)………........................…6

*LaChance v. McKown,*
   649 S.W.2d 658, 662 (Tex. App.—Texarkana 1983 writ ref'd n.r.e.);.........................................6

*Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex. 1995)……………………………….…..3

*Rutherford v. Riata Cadillac Co.,*
   809 S.W.2d 535 (Tex. App.—San Antonio1991, writ ref'd n.r.e.)................................................5

### Statutes and Rules

Fed. R. Civ. P. 56(f)……………………………………………………………………….....8

Tex. Bus. & Comm. Code Section 17.50(c)......................................................................................7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYPRESS ENGINE ACCESSORIES, INC. | § § § § | |
| Plaintiff | § § | |
| VS. | § § § | CIVIL ACTION NO. 4:15-cv-2227 |
| HDMS LIMITED COMPANY d/b/a PREMIUM POWER SOLUTIONS and POWERTECH MARINE, INC. | § § § § § | |
| Defendants | § | |

**PLAINTIFF CYPRESS ENGINE ACCESSORIES, INC.'S RESPONSE AND OPPOSITION TO DEFENDANT POWERTECH MARINE, INC.'S MOTION FOR SUMMARY JUDGMENT AND FOR RELIEF PURSUANT TO RULE 56(f)**

**I.**

**NATURE AND STAGE OF PROCEEDINGS**

The Court is familiar with this case having previously ruled on motions for summary judgment in its Memorandum and Order dated May 3, 2017. ("Memorandum and Order"). (Doc. 70). The subject of this Response is to Powertech Marine, Inc.'s ("Powertech") Motion for Summary Judgment.[1] Plaintiff opposes Powertech's Motion and will demonstrate that there are genuine issues of fact and requests the opportunity to conduct discovery pursuant to Rule 56(f).

**II.**

**STATEMENT OF ISSUES TO BE RULED ON BY COURT**

1. Whether Powertech has proven, as a matter of law, that it did not manufacturer or supply the prechambers involved in this litigation.

---

[1] A Response to HDMS' Motion for Summary Judgment has already been filed.

1

2.     Whether Powertech has proven, as a matter of law, that Plaintiff violated Section 17.50(c) of the Texas Business and Commerce Code to allow it to recover attorney's fees.

3.     Whether Plaintiff should be allowed, pursuant to Rule 56(f), the opportunity to conduct discovery.

## III.

## SUMMARY OF ARGUMENT

Powertech seeks to prevail on the claims made against it by Plaintiff. As the movant on a motion for summary judgment, Powertech has the burden of proving there is no issue of material fact and that it has proven each issue as a matter of law. *Topalian v. Ehrman,* 954 F.2d 1125, 1137 (5th Cir. 1992). All reasonable inferences must be drawn in favor of Plaintiff. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003).

Powertech does not take the position the prechambers in question are not defective. Rather its sole argument is that it did not manufacture, design or distribute them. The summary judgment evidence, however, creates a fact issue on this matter and Plaintiff should be allowed to conduct discovery.

Powertech also seeks to penalize Plaintiff for its Deceptive Trade Practice action by asking the Court to find that claim was baseless and brought in bad faith and for purposes of harassment. The DTPA section allowing for attorney's fees is not applicable and such action is not appropriate under the facts of this case. Further, Powertech has presented no evidence of any attorney's fees it asserts were expended on this portion of the lawsuit.

IV.

## CYPRESS ENGINE'S RESPONSE TO POWERTECH'S STATEMENT OF UNDISPUTED FACTS

Powertech lists some nine (9) facts which it alleges are undisputed. Plaintiff contests each of these "undisputed" facts and will present evidence that there is a genuine issue of fact on each such contention.

V.

## ARGUMENT AND AUTHORITIES

Powertech alleges that is has proven, as a matter of law, that it did not manufacture, design or distribute the prechambers in question. Plaintiff will present evidence to create a fact issue that can be further proven by the conduct of discovery.

A.     **The Agreement Does Not Apply to Powertech**

One significant issue in this case is the Agreement entered into between HDMS and Plaintiff which potentially acted as a release of liability for HDMS. While Powertech does not seek protection of this Agreement, it is apparent they could not. The Agreement is between Plaintiff and HDMS only; Powertech is never mentioned nor did it sign the Agreement.

A settlement agreement is simply a contract between parties. *Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex. 1995). Since Powertech was not a party to the Agreement, it cannot seek to enforce it.

B.     **There is a question of fact about Powertech's involvement with the prechambers**

Powertech relies on the affidavits of Steve Powers and George Erickson that it did not design, manufacture or distribute the rechambers in question. According to Mr. Powers, the

3

prechambers were designed, manufactured and distributed by an entity named Premium OEM Parts ("POEM") at a Mexican company named Engineered Metal Products, S.A. de C.V. ("EDM"). EDM then allegedly imported those devices for sale by a company named Propulsion Technologies, Inc. Ultimately, they were delivered to HMDS Limited Company d/b/a Premium Power Solutions. ("Premium Power") Implicit in these affidavits is that all of these entities are separate and distinct from each other.

According to these affidavits, the entities involved in the design, manufacture and distribution of the prechambers to Premium Power were:

>   Premium OEM Parts ("POEM")
>   EDM
>   Propulsion Technologies
>   Premium Power Solutions

In apparent support of that argument, Erickson in his affidavit produces some invoices.

Enclosed as summary judgment evidence are two different sets of invoices. Exhibit A contains invoices from Propulsion Technologies, Inc. to Premium Power Solutions ***c/o Power Tech***; Exhibit B contains invoices from Premium Power Solutions, LLC to Cypress Engine Accessories, Inc.

These invoices reveal the following

- The invoices in Exhibit A demonstrate that the prechamber devices were shipped to "c/o Power Tech," the Defendant in this case which seeks dismissal for noninvolvement.

- The addresses for all of those involved is the same, 8101 Kingston Road, Suite 120, Shreveport, Louisiana 71108-5745. This alone raises a fact issue about the relationship of these companies.

4

These invoices reveal that, in fact, some of the rechambers were shipped to "Powertech" putting them in the chain for liability under Plaintiff's theory of recovery. Further, the fact that all of the companies involved have the same address presents a fact question about their involvement.

At a minimum, Plaintiff should be allowed to utilize Rule 56(f) to deny the Motion and allow Plaintiff to take depositions and other discovery to determine the true facts about the designer, manufacturer and supplier of the rechambers in question. To comply with the requirements of Rule 56(f), the movant must present specific facts explaining how postponement of a ruling on the motion for summary judgment will enable it to rebut the moving party's showing of the absence of a genuine issue of fact. *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir. 1990). To comply with this requirement, Plaintiff presents the Declaration of John Paul Venzke (Exhibit C).

**C.     Plaintiff did not violate the provisions of Section 17.50(c) of the Texas Deceptive Trade Practices Act**

Powertech alleges that Plaintiff violated Section 17.50(c) of the Texas Deceptive Trade Practices Act which requires a court to award a defendant reasonable and necessary attorney's fees and costs if it determines "…that an action brought under this section is groundless in fact or law or brought in bad faith, or brought for the purpose of harassment…." Tex. Bus. & Comm. Code Section 17.50(c). It is apparent from the language of this Section that it only applies to claims made under the DTPA.

   **1.    *This Section does not apply to the facts of this case.***

For this Section to apply, an **action under the DTPA** must have been groundless or brought in bad faith or to harass. After Plaintiff filed this case, HDMS successfully requested that

this Court initially limit discovery to determine which party breached the Agreement first. Discovery on the substantive issue of liability was to be delayed.

Further, this Court's Memorandum and Order does not deal with the merits of Plaintiff's DTPA case against HMDS. With the merits of Plaintiff's DTPA claim undetermined it cannot, as a matter of law, be found to have filed a groundless or in bad faith DTPA claim. Section 17.50(c) simply does not apply to these facts.

### 2. *Plaintiff's DTPA claim was not groundless in fact or law.*

For a claim to be groundless, it must have no basis in law or fact and not warranted by the extension of existing law. *Donwerth v. Preston II Chrysler-Dodge, Inc*, 775 S.W.2d 634 (Tex. 1989). Groundless does not mean no evidence. *Id.* at 637. Further, a trial court may direct a verdict against a plaintiff or a jury may not find a violation of the DTPA and it does not mean the law suit was groundless. *In re Frazin,* 413 B.R. 378, 429 (N.D. Tex. 2009); *Central Tex. Hardware, Inc. v. First City, Texas-Bryan, N.A.,* 810 S.W.2d 234, 237 (Tex. App.—Houston [14th Dist.] 1991, writ denied); *Rutherford v. Riata Cadillac Co.,* 809 S.W.2d 535 (Tex. App.—San Antonio 1991, writ ref'd n.r.e.).

### 3. *Plaintiff's DTPA claim was not brought in bad faith or to harass*

Nor has Powertech offered any proof that Plaintiff's DTPA claim was brought in bad faith or for the purpose of harassment. To be brought in bad faith or for purpose of harassment, Powertech must prove that the suit was motivated by a malicious or discriminatory purpose. *In re Frazin, supra* at 41 *citing Baroid Equp., Inc. v. Odesco Drilling, Inc.,* 184 S.W.3d 1, 20 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). There must be direct evidence of bad faith or of a purpose to harass. *LaChance v. McKown,* 649 S.W.2d 658, 662 (Tex. App.—Texarkana 1983,

writ ref'd n.r.e.); *Knebel v. Port Enterprises, Inc.,* 760 S.W.2d 829, 832 (Tex. App.—Corpus Christi 1988, writ denied). Powertech provides no evidence on this issue.

### 4. *HDMS cannot offer proof of attorney's fees*

HMDS was successful in limiting discovery in this case until the breach of contract issues were determined. As a result, none of the Defendants, including Powertech, should have expended any attorney's fees related to the DTPA claim. It cannot now claim that it expended attorney's fees on an issue that was not ripe for consideration.

Thus, even though the Court, at HDMS' request, ordered that any action on the liability facts, including Plaintiff's DTPA claim be deferred, Powertech now seeks the recovery of attorney's fees that should not have ever been incurred.

Powertech is not entitled to recover any attorney's fees based on a violation of Section 17.50(c) of the Texas DTPA.

## VI.

## CONCLUSION

Powertech has failed to meet its burden to prove its lack of involvement in the design, manufacture or distribution of the prechambers in question. Further, there is no proof Plaintiff violated Section 17.50(c) of the Texas Deceptive Trade Practices Act.

Dated: September 20, 2017

Respectfully submitted,

/s/ John P. Venzke

John P. Venzke
SBN: 20156500
Federal ID 2374
P.O. Box 667485
Houston, Texas 77266
(713)522-1190
(713)550-0333
jvenzke@comcast.net

Attorney in Charge for Plaintiff Cypress Engine Accessories, Inc.

Of Counsel:
The Venzke Law Firm, P.C.

## CERTIFICATE OF SERVICE

The undersigned certifies a true copy of the foregoing was served on all counsel of record by the Court's electronic case filing service.

/s/ John P. Venzke
John P. Venzke

8