IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYPRESS ENGINE ACCESSORIES, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2227 |
| HDMS LIMITED COMPANY, d/b/a PREMIUM POWER SOLUTIONS, *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The defendant, HDMS, moves for attorneys' fees under the Deceptive Trade Practices Act, Tex. Bus. & Com. Code§ 17.50(c). For the reasons analyzed below, the court finds that HDMS is entitled to recover $75,949.07 in attorneys' fees for defending against Cypress Engine's groundless DTPA claim.

**I.      Background**

On October 6, 2017, the court found Cypress Engine's DTPA claim groundless as a matter of law and that, as a result, HDMS was entitled to recover attorneys' fees for the amount spent defending against this claim. (Docket Entry No. 92 at 18). The court ordered HDMS, which had previously sought recovery of nearly all of its fees, to submit evidence segregating the fees incurred in defending against only the DTPA claim or, in the alternative, evidence that the fees were for claims so interrelated that segregation is not required. (Docket Entry No. 92 at 19).

HDMS argues that "[h]ad Cypress not filed its groundless claims, HDMS would not have been forced to spend even a single dollar on this lawsuit," and asserts that it incurred $450,887.63 in fees through September 30, 2017. (Docket Entry No. 94 at 2). HDMS argues that it is entitled

1

to recover at least $341,384.97 for defending against the DTPA claim and other claims "so interrelated to the DTPA claim that segregation is not required." (*Id.*).

**II. Analysis**

The DTPA allows a defendant to recover attorneys' fees for claims determined to be groundless or brought in bad faith. Tex. Bus. & Com. Code § 17.50(c). Once the court determines that a DTPA claim was "groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court *shall* award to the defendant reasonable and necessary attorneys' fees and court costs." *Id.* (emphasis added).

"To recover attorney's fees in a case involving multiple claims, parties must segregate the fees among the various claims or present evidence the claims are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Stromberger v. Law Offices of Windle Turley*, No. 05-04-00050-CV, 2005 Tex. App. LEXIS 2321, at *7 (Tex. App.—Dallas [5th Dist.] Mar. 28, 2005) (citing *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 10–11 (Tex. 1991)). "Once a trial judge concludes that a DTPA claim is groundless or brought in bad faith, the only limitation on the award of attorney's fees and costs to defendants is that such fees be 'reasonable and necessary.'" *Id.* (citing Tex. Bus. & Com. Code § 17.50(c)).

HDMS presents insufficient evidence that the claims are so interrelated that segregation would not be possible. HDMS argues that to defend against Cypress Engine's claims, it had to prove "1) that a valid settlement agreement existed between HDMS and Cypress, 2) that the settlement agreement released the claims asserted by Cypress, and 3) that Cypress breached the agreement first." (Docket Entry No. 94-1 at 3). HDMS argues that the defense that Cypress was not entitled to rescind its release also advanced HDMS's defense against Cypress Engine's other

2

claims. The same logic, however, could equally support the opposite conclusion: if Cypress Engine had not asserted the DTPA claim, HDMS would have incurred the same fees defending against the other claims.

HDMS also argues that many of the legal services it performed, including investigation and discovery, did "double service" in its defense against the DTPA claim and other claims. (Docket Entry No. 94-1 at 10). While this is undoubtedly true, it does little to prove that the DTPA and other claims were so interrelated that it would be impossible to segregate the fees.

In *Haynesville Shale Rentals, LLC v. Total Equip. & Serv.*, No. H-12-0860, 2014 U.S. Dist. LEXIS 48478 (S.D. Tex. Apr. 8, 2014) (Werlein, J.), the defendants requested all the attorneys' fees incurred, asserting it was "impossible to segregate." *Id.* at *15–16. The court found that "to award to Defendants all attorneys' fees incurred during the course of the entire litigation, which involved numerous other fact intensive issues wholly unrelated to the groundless DTPA claim, would constitute a distorted application of the specific fee shifting proviso set forth in the DTPA." *Id.* at *17–18. As a solution, the court determined the reasonable amount of time required to defend against the DTPA claim. The court found that the defense of the DTPA claim was relatively straightforward and that "from start to finish neither Defendant should reasonably have expended more than 60 hours of time on this simple issue so readily disposed of as a matter of law." *Id.* at *18. The court found the hourly rate reasonable and multiplied that amount by the number of hours the court determined should have been spent on the DTPA claim to calculate the fee award. *Id.* at *19. This approach is consistent with the statutory limit on fee awards to "reasonable and necessary" fees. The fee amount HDMS seeks is unreasonable in relationship to the demands of the entire case. To award HDMS the full amount would, as recognized in *Haynesville*, distort the

fee-shifting provision of the DTPA.

The Texas Supreme Court in *Arthur Andersen v. Perry Equipment Corporation* listed eight factors to consider in determining the reasonableness of attorneys' fees under the DTPA:

> (i) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (ii) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (iii) the fee customarily charged in the locality for similar services;
>
> (iv) the amount involved and the results obtained;
>
> (v) the time limitations imposed by the client or by the circumstances;
>
> (vi) the nature and length of the professional relationship with the client;
>
> (vii) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (viii) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

945 S.W.2d 812, 818 (Tex. 1997) (reviewing a plaintiff's attorneys' fees award under the DTPA).[1]

Several factors distinguish this case from *Haynesville*. Unlike *Haynesville*, the defense in this case was not easily disposed of by looking to the DTPA statute. (Docket Entry No. 94-1 at 3);

---

[1] HDMS cites to the *Johnson* factors in its motion. (Docket Entry No. 94-1 at 16–20) (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974)). The Fifth Circuit recently noted that where Texas law applies to the determination of attorneys' fees, the district court should properly consider the *Arthur Andersen* factors, not the *Johnson* factors. *See Plains Cotton Coop. Ass'n v. Gray*, 672 Fed. App'x 372, 377 at 377, n.4 (5th Cir. 2016). The court noted that the analysis under both cases was so similar that the outcome was the same. *Id. See also Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000) (finding it unnecessary to determine whether the *Johnson* or *Arthur Andersen* factors govern in a diversity case because the analysis is comparable).

see also 2014 U.S. Dist. LEXIS 48478, at *15 (the claim was groundless as a matter of law because the DTPA "precluded by express statutory language proscribing claims relating to transactions of more than $500,000" and the plaintiffs knew or should have known that the amount they paid exceeded the statutory limit). HDMS is correct that proving groundlessness required proof that the settlement agreement was valid, released the claims at issue, and that Cypress Engine breached the agreement first. This required more attorney hours than proving a claim groundless based on statutory limitations. Nonetheless, the defense in this case was neither particularly novel nor legally or factually complex; it was a standard breach of contract claim. *See Arthur Andersen*, 945 S.W.2d at 818 (factor one).

HDMS presents evidence that it spent at least 844.50 hours of lawyer time and 199.75 hours of paralegal time—for a total of 1,044.25 hours—defending against the DTPA claim. (Docket Entry No. 94-1 at 8). The hourly rates are reasonable. Because the litigation continued for nearly two years, the fee award is based on a reasonable average billing rate of that period. The court finds $390 per hour an average reasonable billing rate for Ms. Holcombe; $275 for Ms. Godsey; and $115 for paralegal and support staff. HDMS's billing rates are comparable to the market and to the rates it charged other clients for similar work. (Docket Entry No. 94-1 at 16). HDMS argues that it took steps to minimize its legal fees, such as staffing the case with associates with lower billing rates and limiting discovery. (Docket Entry No. 94-1 at 4).

The issue is the number of hours. HDMS argues that Cypress Engine's litigation conduct increased the litigation costs. (See Docket Entry No. 94-1 at 4–7). While an opposing party's conduct is not a listed factor in *Arthur Andersen*, the record clearly shows that Cypress Engine's conduct unnecessarily increased the time and labor involved in defending this litigation. (Docket

5

Entry No. 94-1 at 4, 7, 9–13). The increase in the time required, however, is not limited to defending the DTPA claim.

Based on similar cases and the record evidence, the court finds that 25% of the hours billed were reasonable and necessary to the defense of the DTPA claim. The court awards HDMS fees for 211.125 hours of attorney work time (25% of the 844.50 sought) and 50 hours of paralegal time. The court awards fees for half the attorney time at Ms. Holcombe's billing rate and half at Ms. Godsey's billing rate, for a total of $70,199.07, and fees for paralegal time in the amount of $5,750. The total award is $75,949.07.

**III.    Conclusion**

The court orders Cypress Engine to pay $75,949.07 in fees and costs to HDMS no later than December 1, 2017.

SIGNED on November 8, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge